O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ANTONIA CASTILLO PALACIOS, | ) | Case No. CV 08-5290-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Antonia Castillo Palacios ("Plaintiff") seeks review of the Commissioner's final decision denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act. For the reasons stated below, the Commissioner's decision should be affirmed and this action should be dismissed with prejudice.

I. **Factual and Procedural Background**

Plaintiff was born on February 22, 1963. (Administrative Record ("AR") at 14, 87). She has a sixth grade education, is literate and able

to communicate in English. (AR at 14, 23, 50). Plaintiff has relevant work experience as a gas station cashier. (AR at 14, 50).

Plaintiff filed applications for DIB and SSI in September 2004, alleging that she had been disabled since November 16, 2002, due to severe neck and shoulder pain, difficulty standing, bilateral carpal tunnel syndrome, and cervical sprain/strain. (AR at 13-14, 108). The Social Security Administration denied Plaintiff's applications at the initial and reconsideration levels. (AR at 13, 65-70, 74-78, 90-93).

A *de novo* hearing was held before Administrative Law Judge Peggy M. Zirlin (the "ALJ") on July 17, 2006. (AR at 30-56). Plaintiff was represented by counsel and testified in her own behalf. *Id.* On October 24, 2006, the ALJ issued a decision denying Plaintiff's applications for DIB and SSI. (AR at 13-25). The ALJ found that Plaintiff: (1) has not engaged in substantial gainful activity since her alleged onset date of disability (step 1); (2) suffers from bilateral carpal tunnel syndrome, bilateral deQuervain's syndrome, cervical strain/sprain, and bilateral ankle strain/sprain (step 2); (3) does not have any impairments that meet or equal a Listed impairment (step 3); (4) has the residual functional capacity ("RFC") to perform sedentary work;[1] (5) is unable to

---

[1] Specifically, the ALJ found that Plaintiff is able to lift and carry 10 pounds occasionally and less than 10 pounds frequently; sit and stand/walk six hours in an eight-hour workday, and crawl occasionally. (AR at 19, 24). Plaintiff is also able to write, turn pages, use the phone, finger larger objects, use her hands for gross manipulation 1/3 to 2/3 of the time (frequent), and perform fingering activities 1/3 to 2/3 of the time (frequent). (AR at 19, 24). Plaintiff needs an allowance for frequent stair and ramp climbing, balancing, stooping, kneeling and crouching. (AR at 19, 24). Plaintiff is precluded from: ladder, rope and scaffold climbing; repeated or constant wrist flexion/extension, supination/pronation and turning/twisting; extreme neck flexion/extension; extreme or constant overhead reaching or stretching that would involve extreme extension of the back; and constant or repetitive power gripping and grasping. (AR at 24). Plaintiff should avoid the use of heavy power tools. (AR at 19, 24).

1 perform her past relevant work as a gas station cashier (step 4); but
2 (5) is able to perform other work that exists in significant numbers in
3 the economy. (AR at 22-25). On June 16, 2008, the Appeals Council denied
4 review and the ALJ's decision became the final decision of the
5 Commissioner. (AR at 5-7).

6 Plaintiff commenced this action for judicial review on August 18,
7 2008. On June 4, 2009, the parties filed a Joint Stipulation outlining
8 the disputed issues in the case. Plaintiff claims that the ALJ erred in
9 determining that Plaintiff was not disabled at step five of the
10 sequential analysis. Plaintiff seeks remand for a payment of benefits
11 or, in the alternative, remand for a new administrative hearing and
12 further development of the record. (Joint Stipulation at 12). The
13 Commissioner requests that the ALJ's decision be affirmed. (Joint
14 Stipulation at 13). The Joint Stipulation has been taken under
15 submission without oral argument.

## II. **Standard of Review**

The Court must uphold the Social Security Administration's disability determination unless it is not supported by substantial evidence or is based on legal error. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)(citing *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole,

weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

### III. Discussion

Plaintiff contends that the ALJ should have found her disabled at step five of the sequential analysis because her occupational base for sedentary work was significantly eroded. The Commissioner disagrees.

At the administrative hearing, the ALJ set forth a hypothetical question to the vocational expert ("VE") based on Plaintiff's age, education, work experience and residual functional capacity. (AR at 50-51); *see supra* note 1. The VE responded that such a person would be able to perform two jobs at the sedentary exertional level. (AR at 51). The person could work as a table worker (visual inspector) (Dictionary of Occupational Titles ("DOT") 739.687-182) and as a surveillance system monitor (DOT 379.367-010). (AR at 51). The VE explained that the table worker and surveillance system monitor positions were the only positions that the hypothetical person would be able to perform, given the restrictions in the use of the upper extremities and limited ability to lift weight. (AR at 51).

On cross-examination, Plaintiff's counsel asked the VE to compare the person in the ALJ's hypothetical question with a person who could perform the full range of sedentary work and speak English,[2] but was two

---

[2] In the Joint Stipulation, Plaintiff asserts that her lawyer asked the VE to consider a person limited to sedentary work who was two years older than Plaintiff and *unable to speak English*. (Joint Stipulation at

years older than Plaintiff and in the next age group (45-49 years) under the Medical Vocational Guidelines. (AR at 54-55); *see* 20 C.F.R. Pt. 404, Subpt. P, App. 2. The VE explained that the restrictions in the use of the upper extremities had a greater negative impact on the sedentary jobs available, as compared to the number of jobs that would be excluded due to the person being two years older. (AR at 54-55).

Plaintiff contends that she is precluded from performing the surveillance system monitor job, as it requires a Level 3 language ability.[3] (Joint Stipulation at 4-5, 10); DOT 379.367-010. Plaintiff asserts that the VE's testimony that she could perform the job of surveillance system monitor constituted an unexplained deviation from the DOT. (Joint Stipulation at 5, 10). Even if Plaintiff is correct, any error was harmless, as there still exists a significant number of table worker jobs that Plaintiff is capable of performing. *See Burch v.*

---

6; *see* Grid Rule 201.17). However, the transcript of the administrative hearing shows that Plaintiff's counsel actually asked the VE to consider a person limited to sedentary work who was two years older than Plaintiff and *able to speak English*. (AR at 55). Like Plaintiff's counsel, the ALJ also erroneously assumed that the VE was questioned about a person who could not speak English. (AR at 22).

[3] At Level 3, the individual is expected to be able to perform the following:

> READING: Read a variety of novels, magazines, atlases, and encyclopedias. Read safety rules, instructions in the use and maintenance of shop tools and equipment, and methods and procedures mechanical drawing and layout work.
>
> WRITING: Write reports and essays with proper format, [punctuation], spelling, and grammar, using all parts of speech.
>
> SPEAKING: Speak before an audience with poise, voice control, and confidence, using correct English and a well-modulated voice.

DOT 379.367-010.

*Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (a decision of the ALJ will not be reversed for errors that are harmless). At the hearing, the VE testified that there were 1,800 table worker jobs available in Los Angeles County and 41,000 jobs available in the national economy. (AR at 51). Thus, substantial evidence supports the ALJ's determination that there are a significant number of jobs that Plaintiff can perform in the local and national economies. *See, e.g., Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (finding that 2,300 jobs in San Diego County constitutes a significant number within the region so as to meet requirements of 42 U.S.C. § 423(d)(2)(A)); *Barker v. Secretary*, 882 F.2d 1474, 1478-79 (9th Cir. 1989) (finding that 1,266 jobs in the Los Angeles/Orange County area constitutes a significant number); *Long v. Chater*, 108 F.3d 185, 188 (8th Cir 1997) (650 jobs in Iowa or 30,000 jobs nationwide constitutes a significant number); *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988) (as few as 500 jobs in regional economy constitutes a significant number).

Although the availability of only one or possibly two occupations might suggest significant erosion of the occupational base for sedentary work, a finding that Plaintiff was disabled was not mandated. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201(h)(3); SSR 96-9p ("a finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of 'disabled'"). Indeed, such a finding would be in contravention of clear statutory language requiring that a claimant be unable to engage in any kind of gainful employment, available nationally or regionally. *See* 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A), 1382c(a)(3)(A), 1382c(a)(3)(B); SSR 96-9p ("There may be ... jobs that exist in significant numbers, that an individual may still be able to perform even with a sedentary

occupational base that has been eroded"). When an individual who is restricted to sedentary work has a limited ability in one or more basic work activities, SSR 96-9p directs the use of a vocational resource, such as a VE. Here, the ALJ properly deferred to the VE in determining the existence and number of sedentary jobs that Plaintiff could perform. The ALJ was not required to make a determination of disability purely based on the erosion of Plaintiff's occupational base. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.00(h)(3).

Plaintiff also contends that a comparison of the occupational base available to her with the occupational base available to other claimants who are considered disabled under the Grids directs a finding of disabled. (Joint Stipulation at 6-7, 10-12). According to Plaintiff, she was capable of performing fewer jobs than a person who would have been deemed disabled under Rule 201.17 of the Grids. (Joint Stipulation at 6-7 (citing *Swenson v. Sullivan,* 876 F.2d 683, 688 (9th Cir. 1989)); 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.17. Specifically, Plaintiff asserts that her work restrictions were a "greater vocational detriment" than if she had been two years older (45 years old) and unable to speak English, but capable of performing the full range of sedentary work. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.17. Plaintiff, however, is literate and able to communicate in English. (AR at 14, 35). Thus, Rule 201.17 is not applicable in this case.[4] *Cf.* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.18 (directing a finding of not disabled for a person 45-49 years old, limited to sedentary work, with a limited education but able to communicate in English and literate).

---

[4] As noted above, the transcript of the administrative hearing does not support Plaintiff's contention that the VE was asked to consider a person who was unable to communicate in English. *Supra* note 2.

7

1    Finally, Plaintiff's reliance on *Swenson* is misplaced. (Joint
2 Stipulation at 6). In *Swenson,* the VE first testified that jobs existed
3 for the claimant in significant numbers, but then testified that those
4 jobs were fewer than the number of jobs that a person deemed disabled
5 under the Grids would be able to perform. The *Swenson* court merely held
6 that the ALJ erred by failing to clarify the VE's seemingly
7 contradictory testimony. 876 F.2d at 688. In this case, the VE did not
8 provide testimony that was contradictory or inconsistent with the
9 overall framework of the Grids. Thus, the ALJ had no obligation to
10 develop the record further.

**IV.  Conclusion**

     Based upon the applicable legal standards, the Court finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards.

**ORDER**

     Accordingly, it is ordered that the decision of the Commissioner be affirmed.

DATED:  July 1, 2009

                              MARC L. GOLDMAN
                              _____
                              MARC L. GOLDMAN
                              United States Magistrate Judge

8